IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                          MDL No. 2327

THIS DOCUMENT RELATES TO:

*Dana Dunham v. Ethicon, Inc., et al.*
Civil Action No. 2:12-cv-09301

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion to Dismiss and Other Sanctions, filed by Ethicon, Inc. and Johnson and Johnson (collectively "Ethicon"). [ECF No. 31]. Plaintiff, by counsel, filed Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss with Prejudice on September 26, 2017. [ECF 34]. Defendants filed Defendants' Reply in Support of Motion to Dismiss with Prejudice on October 3, 2017. [ECF 35]. Having considered the filings before this Court, this matter is now ripe for my review. For the reasons stated below, the motion is **GRANTED**.

Ethicon's Motion arises from this court's Order [ECF No. 28], entered on August 10, 2017, denying Ethicon's first Motion to Dismiss with Prejudice for failure to serve a Plaintiff Fact Sheet ("PFS") in compliance with Pretrial Order ("PTO") # 251. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–6 [ECF No. 28] (applying the *Wilson*

factors to the plaintiff's case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with the deadlines set forth in PTO # 251. I afforded her 30 days from the entry of the Order to submit to Ethicon a completed PFS, with the caveat that failure to do so may result in dismissal of Ethicon as a defendant in her case upon motion by Ethicon. Despite this warning, the plaintiff has again failed to comply with this court's orders and did not provide Ethicon with her PFS within the 30-day period. Moreover, Plaintiff has not served responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, the deadline for discovery being September 25, 2017 pursuant to PTO # 251, and failed to appear for her properly noticed deposition. *See* Defs.' Mot. To Dismiss 1- 2 [ECF 31]. Consequently, Ethicon moved to dismiss with prejudice.

Because the less drastic sanction instituted against the plaintiff has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissing Ethicon is now appropriate. For the reasons explained in my August 10, 2017 Order [ECF No. 28], it

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

is **ORDERED** that the defendants' Motion to Dismiss [ECF No. 31] is **GRANTED IN PART** in that Ethicon is **DISMISSED with prejudice** and **DENIED IN PART** as to other sanctions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 12, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE